

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ERNEST GILDERSLEEVE, | No.   17-35077 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-01178-MO |
| v. | |
| ELLEN ROSENBLUM and OREGON DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted March 6, 2018[**]
Portland, Oregon

Before:  FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

David Gildersleeve appeals the district court's denial of his 28 U.S.C. §

2254 habeas corpus petition. Gildersleeve claims his trial counsel was ineffective

in failing to impeach one of the State's witnesses. The state court determined that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

trial counsel's performance was deficient, but that Gildersleeve suffered no prejudice because the evidence of guilt was overwhelming. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

"[W]e review *de novo* the district court's decision to grant or deny a petition for a writ of habeas corpus." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). "Because [Gildersleeve] filed his federal habeas petition after April 24, 1996, his petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2254." *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). Under the AEDPA, we "must deny habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the proceeding 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Id.* at 993–94 (quoting 28 U.S.C. § 2254(d)(1)). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the familiar "two-prong standard for evaluating ineffective assistance of counsel claims." *Cheney*, 614 F.3d at 994. First, the defendant must prove that counsel's performance was "deficient," i.e., "that it 'fell below an objective standard of reasonableness,' as measured by 'prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). Second, the defendant must prove "that

2

counsel's deficiencies were prejudicial to the defense." *Id.* at 995. "To establish prejudice, the defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).[1]

Gildersleeve asserts that trial counsel should have impeached one of the government's trial witnesses with a prior inconsistent statement. Even if Gildersleeve's trial counsel had done so, the evidence of guilt was overwhelming. Three other eyewitnesses testified to essentially the same facts as the un-impeached witness. In addition, the un-impeached witness's prior statement could not be introduced under state evidence rules as substantive evidence, because it was not "given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition." Or. Rev. Stat. § 40.450; *see also State v. Staley*, 995 P.2d 1217, 1223-24 (Or. Ct. App. 2000); *Davis v. County of Clackamas*, 134 P.3d 1090, 1095 (Or. Ct. App. 2006). At best, impeaching the witness could only have made the government's case negligibly weaker, giving the government three consistent eyewitnesses rather than four. Thus, the state court reasonably applied *Strickland* when it held that Gildersleeve did not establish prejudice.

---

[1] Because the state court found trial counsel's performance deficient, only the prejudice prong of *Strickland* is at issue here.

**AFFIRMED.**